NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JAMIE HAYES,<br><br>                  Plaintiff<br><br>  v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>                  Defendants | Civil No. 24-5640 (RMB-SAK)<br><br>**OPINION** |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the complaint (Dkt. No. 1) filed *pro se* by Plaintiff Jamie Hayes, a pretrial detainee who was confined in Cape May County Correctional Center ("CMCCC") in Cape May, New Jersey at the time of filing.[1] Plaintiff submitted an *in forma pauperis* ("IFP") application under 28 U.S.C. § 1915(a) (Dkt. No. 1-1), which establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted. The Court must review the complaint under 28 U.S.C. § 1915(e)(2)(B), which requires courts to dismiss any claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief

---

[1] The Court takes notice that Plaintiff initiated another civil action in this Court against some of the same defendants in *Hayes v. Wellpath et al.*, Civil Action No. 24-5665(RMB-SAK) (D.N.J.) In that case, Plaintiff's amended complaint was permitted to proceed in part, Dkt. No. 12. On March 10, 2025, legal mail sent to Plaintiff at CMCCC was returned to the Court as undeliverable because Plaintiff is no longer at CMCCC, Dkt. No. 14.

may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *Id.*

## I. DISCUSSION

### A. Standard of Law

The standard for dismissal for failure to state a claim under § 1915(e)(2)(B) is the same as the standard for a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). The Rule 12(b)(6) standard requires that "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" and formulaic recitation of the elements required to state a cause of action do not suffice to state a claim. *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. The Complaint

The defendants named in the complaint are the State of New Jersey, Cape May Correctional Facility, Crisanti Nancy, Saverio M. Carroccia, Cape May County Prosecutors, Wellpath Medical Corporation, Doctor Oxenberg, and John and Jane Does. Compl. at 1. The complaint is largely incomprehensible but alleges unreasonable searches and seizures of $1,865 over the course of the years 2006 to 2024, and prosecutorial misconduct, for among other reasons, "no corporation has standing to say anything to a man." Compl. at 7. The Court is unable to determine

any factual or legal claims in the complaint against Wellpath Medical Corporation or Doctor Oxenberg. The complaint fails to state any claim upon which relief may granted.

## III. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's IFP application and dismiss the complaint without prejudice, with leave to amend if Plaintiff can allege facts that state a claim for relief.

An appropriate Order follows.

**DATE:  March 20, 2025**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge
